**FIRST DEPARTMENT, JULY, 1971**

**(July 1, 1971)**

HANNAH C. BOORSTIN et al., Respondents, and RICHARD L. ROSENTHAL et al., Appellants, et al., Plaintiffs, v. UTILITIES & INDUSTRIES CORPORATION (DELAWARE) et al., Respondents, and RICHARD L. ROSENTHAL, Appellant, et al., Defendant.— Order, Supreme Court, New York County, entered on May 10, 1971, unanimously modified, on the law and on the facts, and as a matter of discretion, to stay the reference herein as provided in this memorandum, and as so modified, affirmed. Appellants shall recover of respondents the Carter Group, Inc., CGI Corp., DVC Corp., ALC Corp., Mark N. Kaplan and Tom Scheinman one bill of $30 costs and disbursements of this appeal. The order appealed from directs the reopening of a reference to determine the validity of a proposed settlement of a series of consolidated actions. Some of these actions purport to be representative and some do not. All the actions arose out of a proposed consolidation or merger of Utilities & Industries Corporation (New York), hereinafter U&I-N. Y., with the Carter Group, Inc. The proposed merger envisaged the formation of a new corporation, Utilities & Industries Corporation (Delaware), hereinafter U&I-Del., and the exchange of stock

of U&I-Del. for stock of the Carter Group, Inc., and U&I-N. Y. The proposal followed the purchase of the U&I-N. Y. stock owned by Rosenthal, which stock was 21% of the U&I-N. Y. issued stock and constituted working control. The Rosenthal purchase agreement provided that the Carter Group, Inc., would offer to buy the stock of the other stockholders of U&I-N. Y. by merger or consolidation at a price per share which would equal that paid to Rosenthal. When the Carter Group, Inc., sought to carry out this term by the proposed merger and exchange, a number of stockholders instituted actions which sought in various ways to prevent the merger on the ground that the proposal was unfair to the U&I-N. Y. stockholders. Several of these actions were consolidated. There were also actions begun in the Federal court, which are independently progressing. Very early in the consolidated action, one of the plaintiffs quickly came to terms with the Carter Group on a proposed settlement. A reference was ordered to determine the fairness of the proposed settlement. On appeal this court stayed the reference until all the actions were consolidated and Rosenthal was allowed to intervene. This has been done and a new offer has been made. The offer is unusually complex and its fairness and whether it conforms to the price provided for in the Rosenthal contract can only be determined on a valuation of the stock of the Carter Group, Inc., on what the stock of U&I-Del. would be worth, as well as on a valuation of certain rights included in the offer, among other factors. It also appears that the proposed merger, including its terms, is currently before the Securities and Exchange Commission for approval, which would embrace the question of the fairness of the proposed offer. Undoubtedly the commission has primary jurisdiction to determine these questions (Investment Company Act, § 17, subd. [b]; U. S. Code, tit. 15, § 80a-17, subd. [b]), and while its determination may not finally dispose of all the questions raised in the litigation, it will dispose of most of the crucial issues. Without determining whether this primary jurisdiction absolutely mandates withholding decision until the commission reaches a conclusion, it is apparent that a proper discretion would be exercised in so doing. Without implying that the powers of the court are unequal to the task of reaching a proper factual conclusion, the greater expertise of the commission in this peculiar field would indicate that the court could benefit from its conclusions on this involved and intricate proposition. The reference is consequently stayed pending the determination of the Securities and Exchange Commission. Thereafter any party may move to reopen the reference. Concur — Markewich, J. P., Nunez, Steuer and Tilzer, JJ.